UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARTIN GUAPO-VILLEGAS,

    Plaintiff,

v.

CITY OF SOLEDAD, et al.,

    Defendants.

Case No. 24-cv-00575-VKD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 16

Plaintiff Martin Guapo-Villegas brings this action against defendants the City of Soledad ("City") and Officers Alejandro Castillo and Mustafa Yasin.[1] Dkt. No. 1. The complaint asserts violations of Mr. Villegas's[2] civil rights under federal and state law. Defendants move to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and to strike portions of the complaint under Rule 12(f). Dkt. No. 16. Mr. Villegas opposes the motion. Dkt. No. 17. The Court held oral argument on the motion on August 13, 2024. Dkt. No. 25. Subsequent to the hearing, and at the Court's direction, both parties filed supplemental briefs.

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 13. The complaint also refers to 10 "Doe" defendants. Dkt. No. 1 at 1. These defendants are not considered for the purposes of determining whether all parties consent to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502–05 (9th Cir. 2017) (all named parties, whether served or unserved, must consent in order to vest jurisdiction in magistrate judge); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (distinguishing *Williams* with respect to unnamed "Doe" defendants); *see also Geppert v. Doe 1*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *1 (N.D. Cal. Sept. 7, 2023) ("[P]laceholder Doe defendants are not 'parties' for purposes of assessing whether there is complete consent to magistrate judge jurisdiction.").

[2] This order follows the complaint, which refers to plaintiff as "Mr. Villegas."

Dkt. Nos. 27, 29.

Upon consideration of the moving and responding papers, and the parties' arguments at the hearing, the Court grants defendants' motion to dismiss, but gives Mr. Villegas leave to amend in part.

## I. BACKGROUND

According to the complaint, on January 30, 2022, Mr. Villegas went to a party at a friend's house. Dkt. No. 1 ¶¶ 3, 5. Because his license had been suspended, Mr. Villegas asked another friend to drive the two of them to the party in Mr. Villegas's truck. *Id.* ¶ 4. During the party, Mr. Villegas "got drunk." *Id.* ¶ 6. At one point, the police arrived after receiving a noise complaint. *Id.* ¶ 7. The body worn camera footage from a responding officer shows Mr. Villegas still present at the party at 1:40 a.m. on January 31, 2022. *Id.* Later, the friend who had driven Mr. Villegas to the party got a ride home with another person "while Mr. Villegas was distracted doing something else." *Id.* ¶ 9. As Mr. Villegas was intoxicated and had a suspended license, he "knew he could not drive" and "decided to sleep it off in his truck." *Id.* ¶ 11. Due to the cold temperature, Mr. Villegas started the truck's engine so he could turn on the heater before falling asleep. *Id.* ¶ 12.

Around 7:00 a.m. on January 31, 2022, police received report of "a suspicious truck that had the engine running on the 400 block of Ferrel Way" for at least an hour. *Id.* ¶ 13. Officers Castillo and Yasin responded to the report. *Id.* ¶ 14.[3] Upon arriving, the officers saw Mr. Villegas asleep in a truck and knocked on the window to wake him up. *Id.* ¶ 16. Observing "signs of intoxication," they asked him to perform field sobriety tests and to "blow into a Preliminary Alcohol screening device." *Id.* ¶¶ 17-19. Mr. Villegas refused the preliminary screening test and asserted that he had not been driving. *Id.* ¶¶ 18-19. The officers briefly discussed what circumstances are sufficient for a driving under the influence, or DUI, arrest. *Id.* ¶¶ 20-22. While Officer Yasin asserted that "keys in the ignition" are enough for a DUI, Officer Castillo stated that he was unsure and thought the "car had to move for it to be a DUI." *Id.* ¶¶ 20-21. Officer Yasin responded that in a "recent situation they had decided that keys in the ignition was good enough

---

[3] The complaint asserts that all facts relating to the police encounter are obtained from body worn camera footage of the arrest. *Id.* ¶ 15.

for a DUI in California." *Id.* ¶ 22. Officer Yasin then informed Mr. Villegas he was under arrest and told him to sit on the curb. *Id.* ¶¶ 22-23. Officer Castillo investigated whether nearby houses had security cameras but did not find any footage "showing whether the car had moved." *Id.* ¶¶ 24-25. Officer Yasin went to the house where the party had been and spoke to the occupants. *Id.* ¶ 26. One occupant said she was not at the party but the other said "he thought that someone dropped Mr. Villegas off for watching the game." *Id.* ¶¶ 27-28. He also thought Mr. Villegas had gotten a ride home "from a woman in a gray Honda" but was unsure because he had been asleep. *Id.* ¶ 28.

The officers had Mr. Villegas's truck towed and took him to the station. *Id.* ¶¶ 29-30. At the station, the officers offered him a choice between a breath or blood test for intoxication. *Id.* ¶ 31. Mr. Villegas initially refused but agreed after the "officers . . . threatened to write Mr. Villegas up for a refusal." *Id.* He received a 0.11% on the breath test. *Id.* Mr. Villegas then spoke to his lawyer who advised him to get a backup blood test, but the officers refused to administer a blood test. *Id.* ¶¶ 32-33. Mr. Villegas was then released. *Id.* Apparently, he was later charged with an offense or offenses by the Monterey County District Attorney, although the complaint does not identify what charges were filed. *See, e.g., id.* ¶ 2 (referring to dismissal of "all charges pertaining to the arrest" without identifying the charges).

According to the complaint, Officer Castillo's police report states that an individual at 673 Cambria Drive provided video from a surveillance camera showing "that earlier in the morning Mr. Villegas's truck was not present," presumably suggesting that the truck had moved after Mr. Villegas got into it but before the officers arrived. *Id.* ¶ 34. During a suppression hearing in state court criminal proceedings against Mr. Villegas, Officer Castillo testified that the video existed and that he had seen it. *Id.* ¶ 36. The video was never provided to Mr. Villegas. *Id.* ¶¶ 35, 37. The Monterey County District Attorney ultimately dismissed the charges against Mr. Villegas. *Id.* ¶ 39. Mr. Villegas alleges that he was harmed by the officers' conduct. He was required to hire a lawyer to defend him, had to pay to get his truck out of impound, had to take time off work, and "suffered embarrassment from the arrest." *Id.* ¶ 40.

Mr. Villegas asserts the following claims: (1) false arrest under California law against

Officer Castillo, Officer Yasin, and the City; (2) interference with the exercise or enjoyment of constitutional rights, under California Civil Code § 52.1 ("the Bane Act") against Officer Yasin and the City; (3) malicious prosecution under California law against Officer Castillo and Officer Yasin;  (4) intrusion into private affairs under California law against Officer Castillo, Officer Yasin and the City; (5) false arrest in violation of the Civil Rights Act of 1871 against Officer Yasin and the City; (6) unlawful search in violation of the Civil Rights Act of 1871 against Officer Yasin and the City; (7) seizure by wrongful process (malicious prosecution) in violation of the Civil Rights Act of 1871 against Officer Yasin; (8) seizure by wrongful process (malicious prosecution) in violation of the Civil Rights Act of 1871 against Officer Castillo; and (9) *Monell* liability against the City.  Mr. Villegas asks for compensatory damages of $150,000 as well as punitive damages and attorneys' fees.  Dkt. No. 1 at 14.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'"  *Prager Univ. v. Google LLC* ("Prager I"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)).  Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

4

1  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the
2  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations
3  must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555
4  (citations omitted). However, only plausible claims for relief will survive a motion to dismiss.
5  *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable
6  inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to
7  provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-
8  unlawfully-harmed-me accusation." *Id.* at 678.

9  Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any
10  redundant, immaterial, impertinent, or scandalous matter." Striking is appropriate where "it is
11  clear that the matter to be stricken could have no possible bearing on the subject matter of the
12  litigation." *Thornton v. City & Cnty. of San Francisco*, No. 21-cv-02938-SI, 2021 WL 5771135,
13  at *3 (N.D. Cal. Dec. 6, 2021) (quoting *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F. Supp. 820,
14  830 (N.D. Cal. 1992)).

**III.  DISCUSSION**

    **A.  Doe Defendants**

Mr. Villegas includes unidentified defendants, "Does 1-10," in the caption of his complaint, but the complaint contains no specific allegations as to these defendants. *See* Dkt. No. 1 at 1. Doe defendant pleading is "generally disfavored" in federal court. *See Merino v. Cnty. of Santa Clara*, No. 18-cv-02899-VKD, 2019 WL 2437176, at *12 (N.D. Cal. June 11, 2019). Doe pleading may be appropriate in limited circumstances, such as where "there are specific [unknown] individuals whose conduct forms the basis of [plaintiff's] claims" and who may be identifiable through some discovery. *Id.* However, even in such situations, the time in which such defendants can remain unnamed is limited. *See Sanderlin v. City of San Jose*, No. 20-cv-04824-BLF, 2022 WL 913055, at *12 (N.D. Cal. Mar. 29, 2022) ("It would be unfair to Defendants to continue the use of Doe monikers throughout the entire discovery process because it could expose Defendants to boundless discovery.").

At the August 13, 2024 hearing on defendants' motion to dismiss, counsel for Mr. Villegas

identified one unknown defendant, the individual that Officer Yasin allegedly spoke to back at the station at the time of Mr. Villegas's arrest. Dkt. No. 25. However, the complaint fails to specify which, if any, claims are asserted against this individual and on what basis. As such, the Court dismisses the claims against all Doe defendants, with leave to amend. If Mr. Villegas chooses to replead claims against any Doe defendant, including the individual referenced at the hearing, he must at a minimum identify "their roles or positions or specific acts" and any other details forming the basis of his claims against them. *Merino*, 2019 WL 2437176, at *12.

### B.   Federal Claims

As this Court's original jurisdiction is based on the federal claims asserted by Mr. Villegas, the Court considers the sufficiency of these claims first. Mr. Villegas asserts four claims against either Officer Castillo or Officer Yasin[4] for violations of the "Civil Rights Act of 1871," and one claim against the City for "*Monell* liability". The Court construes all five claims as claims for relief for civil rights violations under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States." A claim for civil rights violations under § 1983 requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Neither party disputes that the officers were acting under color of state law in their interactions with Mr. Villegas. The parties disagree about whether Mr. Villegas plausibly alleges any violations of any federal constitutional rights.

#### 1.   Pleading a § 1983 Claim

In advancing his claims under § 1983, Mr. Villegas describes the wrongful conduct at issue, e.g. unlawful search, but he does not clearly identify the federal law or Constitutional provision he claims was violated. Defendants argue that this pleading is deficient because § 1983 itself is not "'a source of substantive rights' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Dkt. No. 16 at 11 (quoting *Albright v. Oliver*, 510 U.S. 266, 271

---

[4] He further asserts that the City is vicariously liable for the officers' actions under California Government Code § 815.2.

6

(1994)). The Court agrees. It is well-established that to succeed on a § 1983 claim, "the conduct complained of must have deprived the plaintiff of some right, privilege or immunity *protected by the Constitution or laws of the United States.*" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (emphasis added). Accordingly, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271. As Mr. Villegas has failed to do this, the claims based on federal law under § 1983 must be dismissed on this basis alone. However, this pleading deficiency may be cured by amendment.

### 2. Claim 5: Unlawful Arrest

Mr. Villegas alleges that, in taking him into custody for an alleged DUI, Officer Yasin "arrested [him] without probable cause," presumably in violation of the Fourth Amendment. Dkt. No. 1 at 10. "Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable officer would conclude there is a fair probability that Mr. Villegas had committed or was committing a crime. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). "Probable cause is lacking if the circumstances relied on are susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities." *Gonzalez v. City of Alameda*, No. 21-cv-09733-DMR, 2023 WL 6232239, at *12 (N.D. Cal. Sept. 22, 2023) (quoting *Gasho v. United States*, 39 F.3d 1420, 1432 (9th Cir. 1994)). "Where the facts or circumstances surrounding an individual's arrest are disputed, the existence of probable cause is a question for the jury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008).

California law prohibits driving a motor vehicle while under the influence of an alcoholic beverage. Cal. Veh. Code § 23152(a). However, while many states impose liability under the law for driving *or otherwise operating a vehicle* while intoxicated, California imposes liability only for the actual act of "driving" the vehicle while intoxicated. *Isaac v. Dep't of Motor Vehicles*, 155 Cal. App. 4th 851, 861 (2007) (emphasis added). Thus, claims of drunk driving under California law "require[] proof of volitional movement of a vehicle." *Mercer v. Dep't of Motor Vehicles*, 53 Cal. 3d 753, 768 (1991). Such proof may be circumstantial. *Id.* at 770.

Mr. Villegas alleges that when the officers found him, he was sleeping in his truck which was parked lawfully on the side of the street. Dkt. No. 1 ¶¶ 11, 16, 29. He acknowledges that the

engine was on but alleges that this was solely to run the heater and that he had not driven the vehicle anywhere. Dkt. No. 1 ¶¶ 12-14, 18, 31. Mr. Villegas argues that, even after conducting an investigation, Officer Yasin had no objectively reasonable basis for believing Mr. Villegas had committed the crime of driving under the influence. Dkt. No. 17 at 3. The Court agrees that if claim 5 asserts a violation of the Fourth Amendment based on allegations that Officer Yasin lacked probable cause to arrest Mr. Villegas for driving under the influence, then construing these allegations in the light most favorable to Mr. Villegas, claim 5 would state a plausible claim for relief.

However, defendants correctly observe that Officer Yasin need not have had probable cause to arrest Mr. Villegas for a violation of California Vehicle Code § 23152(a) if, based on the facts known to him at the time, Officer Yasin had probable cause to arrest him for any offense. *See* Dkt. No. 16 at 7; Dkt. No. 27 at 1 (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause")). For example, in *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946 (9th Cir. 2010), the Ninth Circuit affirmed the district court's judgment in favor of the arresting officers on the plaintiff's unlawful arrest claim, concluding that while the officers lacked probable cause to arrest the plaintiff for one trespassing offense, probable cause existed to arrest him for a different trespassing offense. *Id.* at 954-56.

Here, defendants argue that the allegations in the complaint show that, regardless of whether probable cause existed for an arrest based on California Vehicle Code § 23152(a), Officer Yasin had probable cause to arrest Mr. Villegas for the offense of public intoxication in violation of California Penal Code § 647(f). Section 647(f) requires proof of four elements: "the [individual] is (1) intoxicated (2) in a public place and either (3) is unable to exercise care for [his or her] own safety or the safety of others or (4) interferes with or obstructs or prevents the free use of any street, sidewalk, or public way." *People v. Lively*, 10 Cal. App. 4th 1364, 1368-69 (1992). The parties agree that the existing allegations in the complaint establish that Mr. Villegas was intoxicated and in a public place. Dkt. No. 16 at 7-8; Dkt. No. 17 at 5; Dkt. No. 25. Defendants do not contend that Mr. Villegas was interfering with or obstructing use of the street or sidewalk,

but they argue that given that he was intoxicated, in a truck, with the engine running, he was unable to exercise proper care for his own safety or the safety of others. Dkt. No. 20 at 4-6. Mr. Villegas disagrees, saying only that he was in the truck with the engine running and specifically attending to his own safety by keeping warm. *See* Dkt. No. 17 at 5. However, the question is not whether Mr. Villegas might prevail were he tried for the offense of public intoxication, but whether a reasonable officer, given the totality of the circumstances, had *probable cause to arrest him* for that offense. California law supports defendants' thesis that probable cause existed. *See e.g.*, *Mercer*, 53 Cal. 3d at 757, 769 n.25 (facts involving person "slumped over the steering wheel of his car," engine running and legally parked, could support lawful arrest for public intoxication); *Lively*, 10 Cal. App. 4th at 1371 ("In our view whenever a person *so intoxicated that his motor skills are impaired* is found as a potential driver behind the steering wheel of a car, this constitutes evidence the person is unable to exercise due care for his safety or the safety of others.") (emphasis in original); *cf. Maya v. Cnty. of San Bernardino*, No. EDCV 19-1871 JGB (KKX), 2023 WL 4383344, at *21 n.34 (C.D. Cal. June 1, 2023), *appeal dismissed*, No. 23-55588, 2024 WL 3311138 (9th Cir. Jan. 22, 2024) ("There is not a single fact in the record that suggests the deputies were remotely concerned that Plaintiff might have driven his vehicle when intoxicated . . . . The engine was not running and Plaintiff was not behind the wheel."). Thus, claim 5 presently fails to state a claim for arrest without probable cause.

Because Mr. Villegas may be able to plead additional or different facts plausibly alleging that an objectively reasonable officer could not have had probable cause to arrest him for public intoxication in violation of California Penal Code § 647(f), the Court dismisses claim 5 with leave to amend to address this deficiency.

### 3. Claim 6: Unreasonable Search

Mr. Villegas alleges that Officer Yasin conducted an unlawful search, presumably in violation of the Fourth Amendment, when he "coerc[ed]" Mr. Villegas to consent to a breath test by threatening to report his refusal to submit to the test to the DMV. Dkt. No. 1 at 11. As a general matter, reasonable searches incident to a lawful arrest are an exception to the warrant requirement. *Riley v. California*, 573 U.S. 373, 382 (2014). In assessing whether a warrantless

search is permissible, courts consider "the degree in which it intrudes upon an individual's privacy and . . . the degree to which it is needed for the promotion of legitimate government interests." *Id.* at 385 (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). An individual has "reduced privacy interests upon being taken into police custody." *Id.* at 391. The Supreme Court has expressly recognized that "breath tests do not implicate significant privacy concerns," especially in the context of a lawful arrest for drunk driving.[5] *Birchfield v. N. Dakota Dep't of Transportation*, 579 U.S. 438, 463, 474 (2016) (quotations and alterations omitted). However, this exception to the Fourth Amendment's prohibition against warrantless searches applies only if the arrest itself is lawful. *See id.* at 476, 478.

*Birchfield* suggests that, if conducted incident to a lawful arrest for a DUI or public intoxication or other similar crime, a breath test for alcohol intoxication is minimally invasive, reasonable, and does not give rise to a constitutional violation. Thus, the viability of claim 6 depends on whether Mr. Villegas can state a claim that he was arrested without probable cause in violation of the Fourth Amendment. As Mr. Villegas has not adequately pled a claim for unlawful arrest (claim 5), he fails to state a claim for unlawful search incident to an arrest. Accordingly, the Court dismisses claim 6 with leave to amend to address this deficiency.

### 4.     Claims 7 and 8:  Malicious Prosecution

Claims 7 and 8 assert a "seizure of person by wrongful process" by Officers Yasin and Castillo, respectively. Dkt. No. 1 at 11-12. Mr. Villegas alleges that the officers falsified their police reports, which "wrongfully misled the prosecution" to file and maintain charges against Mr. Villegas. *Id.* The Court construes claims 7 and 8 as claims for malicious prosecution under § 1983 in violation of the Fourth Amendment.[6] *See also* Dkt. No. 17 at 8 (referring to claims 7 and 8 as "malicious prosecution claims").

To succeed on a Fourth Amendment malicious prosecution claim, Mr. Villegas must show

---

[5] This is in contrast to blood tests which "are significantly more intrusive, and their reasonableness must be judged in light of the availability of the less invasive alternative of a breath test." *Id.* at 474.

[6] At the hearing, Mr. Villegas indicated that these claims are based on alleged violations of the Fourth Amendment. Dkt. No. 25.

that he was prosecuted for an offense without probable cause, "leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 144 S. Ct. 1745, 1748 (2024); *see also id.* at 1750. Mr. Villegas must also show that the proceedings against him terminated in his favor. *Thompson v. Clark*, 596 U.S. 36, 49 (2022) (favorable termination only requires showing "that the criminal prosecution ended without a conviction").

Mr. Villegas has adequately alleged that the proceedings against him terminated favorably. Dkt. No. 1 ¶ 39 ("Monterey County District Attorney dismissed the charges against Mr. Villegas"). The question is whether he has plausibly alleged that he was prosecuted without probable cause, based on false police reports, resulting in an unreasonable seizure. "[A] Fourth Amendment seizure occurs when a person is held in custody by arresting officers." *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003). While Mr. Villegas was arrested and taken into custody initially, he appears to have been released before Officers Castillo and Yasin prepared the allegedly false reports that form the bases for claims 7 and 8. Dkt. No. 1 ¶ 33. Mr. Villegas does not plead any facts suggesting he was subsequently detained or otherwise seized based on the false reports. Merely being required to appear in court to answer a charge is not a Fourth Amendment seizure. *Karam*, 351 F.3d at 1194.

Because Mr. Villegas fails to state a Fourth Amendment malicious prosecution claim against Officers Castillo or Yasin, claims 7 and 8 must be dismissed. However, because it not entirely clear that Mr. Villegas could not cure the deficiencies identified above, the Court gives him leave to amend these claims.

### 5. Claim 9: *Monell* Claim Against the City

In claim 9, Mr. Villegas alleges that the City "failed to train" Officers Castillo and Yasin regarding the requirements for an arrest for driving under the influence, and that the City is liable under *Monell* for the resulting violation of his rights. Dkt. No. 1 at 13. Although Mr. Villegas does not specify which of his rights were violated, the Court construes this claim as directed to his Fourth Amendment right to be free from unlawful seizure.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy, practice, or custom causes a constitutional tort. *Monell v. Dep't of Soc. Servs. of the City*

*of New York*, 436 U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

To state a claim for municipal liability under § 1983 for a violation of constitutional rights, Mr. Villegas must plausibly allege that: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy, practice, or custom; (3) this policy, practice, or custom amounts to deliberate indifference to his constitutional rights; and (4) the policy, practice, or custom is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citations and quotations omitted). A municipality may be held liable where it "demonstrated deliberate indifference to constitutional rights when it trained its employees." *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024). A failure to train may rise to the level of deliberate indifference where "the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty*, 654 F.3d at 900. However, "mere negligence in training . . . does not give rise to a *Monell* claim." *Id.*

Defendants argue that the complaint does not plead any "facts as to any City training practice." Dkt. No. 16 at 17. The Court agrees. Mr. Villegas's claim that the City failed to train its officers depends entirely on a single incident: his own arrest for a DUI and the circumstances immediately preceding that arrest. Dkt. No. 1 at 13. The complaint contains no allegations about the City's training programs or policies or any other circumstances that could plausibly support a claim that the City failed to train its officers and that this failure to train rose to the level of deliberate indifference. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.").

The Court dismisses claim 9 for failure to state a claim. However, because it is not entirely

clear that Mr. Villegas could not cure the deficiencies identified above, the Court gives him leave to amend this claim.

### 6. Vicarious Liability of the City for Federal Claims Against Its Officers

Mr. Villegas asserts that the City is vicariously liable for the conduct of Officer Yasin alleged in claims 5 and 6, pursuant to California Government Code § 815.2.  Dkt. No. 1 at 10-11.  Defendants argue that this statute does not apply, as "a public entity cannot be held vicariously liable under § 1983."  Dkt. No. 16 at 12.

Section 815.2 provides in relevant part: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov. Code § 815.2(a).  However, "Congress did not intend to impose vicarious liability on municipalities under section 1983." *Nguyen v. City of San Jose*, No. 5:21-cv-00092-EJD, 2023 WL 8285809, at *9 (N.D. Cal. Nov. 30, 2023) (quoting *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1505 (9th Cir. 1992)).  While "states are free to impose vicarious liability, section 1983 cannot be used as the means to impose such liability." *Id.*

Accordingly, as a matter of law, the City is not vicariously liable under § 1983 for the conduct of its officer, as alleged in claims 5 and 6, and those claims against the City are dismissed without leave to amend.

### C. State Claims

Mr. Villegas asserts four claims under California law: false arrest, malicious prosecution, intrusion into private affairs, and violation of the Bane Act, California Civil Code § 52.1.  However, as Mr. Villegas has failed to state a claim for relief under federal law and the Court has dismissed all claims over which it has original jurisdiction, the Court will not exercise supplemental jurisdiction over any state law claim.  *See* 28 U.S.C. § 1367(c).  Nevertheless, because the Court gives Mr. Villegas leave to amend his federal claims, the Court will address the arguments the parties have already briefed as to the state claims.

### 1. Claim 1: False Arrest

Mr. Villegas alleges that Officer Yasin falsely arrested him under California law and that Officer Castillo aided and abetted this unlawful arrest. Dkt. No. 1 at 5-6. He asserts that the City is vicariously liable for the officers' conduct. *Id.*

#### a. Officer Yasin

Under California law, false arrest is considered a form of false imprisonment. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (citing *Collins v. City & Cnty. of San Francisco*, 50 Cal. App. 3d 671, 673 (1975)). "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000). An officer is not liable for false arrest if "the arrest was lawful" or the officer, "at the time of the arrest, had reasonable cause to believe it was lawful." Cal. Penal Code § 847(a). "Reasonable cause . . . exists when the facts known to the arresting officer would lead a reasonable person to have a strong suspicion of the arrestee's guilt." *Levin v. United Air Lines, Inc.*, 158 Cal. App. 4th 1002, 1018 (2008), *as modified* (Jan. 14, 2008) (citations and quotations omitted).

California law differentiates between misdemeanor and felony crimes with respect to whether a warrantless arrest is lawful. Under California Penal Code § 836(a), an officer may not arrest an individual for a misdemeanor without a warrant unless "the officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence." Cal. Penal Code § 836(a)(1); *see Bauldry v. Cnty. of Contra Costa*, No. 12-cv-03943 CRB, 2015 WL 4593564, at *4 (N.D. Cal. July 30, 2015) ("[To] arrest someone for a non-felony offense, the crime must have occurred in the officer's presence."). In contrast, warrantless arrests for felonies are permitted with probable cause regardless of whether the offense was committed in the officer's presence. Cal. Penal Code § 836(a)(2)-(3).

As discussed above, California law requires the "volitional movement of a vehicle" for an arrest based on a violation of California Vehicle Code § 23152(a). *Mercer*, 53 Cal. 3d at 768. Thus, even if probable cause existed to arrest Mr. Villegas for driving under the influence, Officer

14

Yasin could not lawfully arrest him for this offense unless he personally observed the truck moving. *See id.* at 769 (citing Cal. Penal Code § 836); *see also Lively*, 10 Cal. App. 4th at 1368 ("Where, as here, the officer does not personally observe the driving element of the offense, a warrantless arrest for drunk driving is invalid.").

The Court has already concluded that the complaint plausibly alleges that the officers did not have probable cause to arrest Mr. Villegas for driving under the influence and did not observe him driving the truck. However, California courts have recognized in circumstances similar to those alleged in the complaint that where the facts known to an officer do not support probable cause for a DUI arrest, they may support probable cause for an arrest under California Penal Code § 647(f). *See Lively*, 10 Cal. App. 4th at 1371-73; *see also Mercer*, 53 Cal. 3d at 769. Thus, claim 1 suffers from the same deficiencies as claim 5, and the Court dismisses claim 1 on similar grounds.

However, assuming Mr. Villegas is able to state at least one federal claim for relief, he may amend and reassert claim 1 against Officer Yasin.

### b. Officer Castillo and the City

Mr. Villegas asserts that Officer Castillo is liable for false arrest because he aided and abetted that arrest. Dkt. No. 1 at 6. Defendants do not address this argument in their motion papers. *See* Dkt. No. 16 at 4-7, Dkt. No. 20 at 2-6. However, because Mr. Villegas does not plausibly allege a claim for false arrest against Officer Yasin, he also fails to state a claim against Officer Castillo.

Defendants do not dispute that if an individual officer is liable for false arrest, the City may be vicariously liable under California Government Code § 815.2. However, because Mr. Villegas does not plausibly allege a claim for false arrest against either officer, he also fails to state a claim against the City.

However, assuming Mr. Villegas is able to state at least one federal claim for relief, he may amend and reassert claim 1 against Officer Castillo and/or the City.

15

### 2. Claim 2: Bane Act

Mr. Villegas asserts that the officers[7] interfered with his right to be free from unreasonable search and seizure by falsely arresting him and compelling him to submit to a breath test by threatening "long term revocation of his license." Dkt. No. 1 at 6-7.

The Bane Act provides a right of action against those who "whether or not acting under color of law, interfere[] by threat, intimidation, or coercion, or attempt[] to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1. In addition to alleging a constitutional violation, the Bane Act requires a plaintiff to allege the defendant's "specific intent" to violate the constitutional right at issue. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). "Specific intent" implicates two questions: "(1) '[i]s the right at issue clearly delineated and plainly applicable under the circumstances of the case,' and (2) '[d]id the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?'" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Cornell*, 17 Cal. App. 5th at 803). A showing of "particular purpose" does not require that the "officers understood they were acting unlawfully" but merely that they were acting in "reckless disregard of the 'right at issue.'" *Cornell*, 17 Cal. App. 5th at 804.

The Court construes this claim as asserting that defendants interfered with Mr. Villegas's Fourth Amendment rights. As the Court has concluded Mr. Villegas fails to state a claim for false arrest, his Bane Act claim likewise fails to the extent it is premised on an alleged false arrest. Defendants do not address Mr. Villegas's allegation that he was coerced into submitting to an unlawful search under the Bane Act. However, as explained above, *Birchfield* suggests that requiring Mr. Villegas to submit to a breath test incident to a lawful arrest for an offense based on public intoxication is not an unlawful search. *See Birchfield*, 579 U.S. at 461-63. For these reasons, the Court concludes that the complaint fails to state any violations of the Bane Act.

---

[7] Claim 2 names Officer Yasin and the City but Officer Castillo is also included in the allegations. Dkt. No. 1 at 6-7.

However, assuming Mr. Villegas is able to state at least one federal claim for relief, he may amend and reassert claim 2.

### 3. Claim 3: Malicious Prosecution

Mr. Villegas's state law claim for malicious prosecution is based on the same allegations as claims 7 and 8. Dkt. No. 1 at 8. However, with respect to claim 3, defendants argue that as public employees, Officers Castillo and Yasin are immune from liability under California Government Code § 821.6. Dkt. No. 16 at 9-10; Cal. Gov. Code § 821.6 ("[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, *even if he acts maliciously and without probable cause*.") (emphasis added). Mr. Villegas does not oppose defendants' motion on this ground. *See generally* Dkt. No. 17.

Accordingly, the Court dismisses claim 3 against Officers Castillo and Yasin without leave to amend.

### 4. Claim 4: Invasion of Privacy

Mr. Villegas alleges that Officers Castillo and Yasin intruded on his "reasonable expectation of privacy in his blood alcohol level" when they "intentionally arrested [Mr. Villegas] without probable cause for the purpose of using California's implied consent statute to obtain access [to that information]." Dkt. No. 1 at 9.[8] Defendants argue that the breath test was not unlawful because it was administered incident to a lawful arrest. Dkt. No. 20 at 7.

"To state a claim for invasion of privacy under the California constitution, a plaintiff must establish: '(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy.'" *Wagda v. Town of Danville*, No. 16-cv-00488-MMC, 2016 WL 6160160, at *25 (N.D. Cal. Oct. 24, 2016) (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39-40 (1994)). In the context of an arrest for driving under the influence, California law provides that "[a] person who drives a motor vehicle is deemed to have given his or her consent to chemical testing of his or her blood or breath

---

[8] Mr. Villegas further claims that the City is vicariously liable by application of California Government Code § 815.2 if defendants are liable.

17

for the purpose of determining the alcoholic content of his or her blood, if lawfully arrested . . . ." Cal. Veh. Code § 23612(a)(1)(A). Mr. Villegas concedes that if he was lawfully arrested for driving under the influence, a test of his blood alcohol would be a lawful intrusion. Dkt. No. 17 at 7. However, he argues that a test of his blood alcohol level incident to a lawful arrest under California Penal Code § 647(f) would be an unlawful intrusion as would a test incident to an unlawful arrest.

The parties mostly agree that assessment of claim 4 depends on whether Officers Castillo and Yasin had probable cause to arrest Mr. Villegas for drunk driving or public intoxication. If they did have probable cause and the arrest was lawful, the California Constitution does not appear to supply a basis for an independent claim for "invasion of privacy." "In the search and seizure context, the privacy clause of the California Constitution has never been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution or [the analogous search and seizure provision] of the California Constitution." *In re York*, 9 Cal. 4th 1133, 1149 (1995) (cleaned up). Because Mr. Villegas presently fails to state a claim for arrest without probable cause, claim 4 also does not state a claim for relief.

However, assuming Mr. Villegas is able to state at least one federal claim for relief, he may amend and reassert claim 4.

### D. Punitive Damages

Defendants move to strike Mr. Villegas's demand for punitive damages under Rule 12(f). The Ninth Circuit has held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Some decisions in this district have extended this prohibition to motions to strike requests for punitive damages. *See Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-cv-06992-WHO, 2022 WL 17252589, at *5 (N.D. Cal. Nov. 28, 2022) (collecting cases). Others have undertaken a conventional Rule 12(f) analysis in assessing whether a request for punitive damages should be struck. *See, e.g, Simulados Software, Ltd. v. Photon Infotech Priv., Ltd.*, No. 5:12-cv-04382-EJD, 2015 WL 183913, at *6 (N.D. Cal. Jan. 14, 2015). Still others have considered the question under Rule 12(b)(6). *See Zheng v.*

*Maroun*, No. 21-cv-07925-SK, 2022 WL 14813840, at *2 (N.D. Cal. Oct. 25, 2022). Given the parties' positions, as explained below, the Court declines to strike the request for punitive damages, but provides guidance regarding the issue should Mr. Villegas choose to amend his complaint.

Here, defendants contend that punitive damages "are not recoverable against public entities like the City as a matter of law." Dkt. No. 20 at 13. Mr. Villegas does not dispute this contention. *See* Dkt. No. 17. Accordingly, if Mr. Villegas chooses to amend his complaint, he should not assert a demand for punitive damages against the City.

With respect to the individual officers, punitive damages are available for claims asserted under 42 U.S.C. § 1983 where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Under California law, punitive damages may be available under California Civil Code § 3294 where "there is clear and convincing evidence that the defendant was guilty of oppression, fraud, or malice." *Murphy v. Boehm*, No. C 13-02406 WHA, 2013 WL 6087010, at *3 (N.D. Cal. Nov. 19, 2013); *see* Cal. Civ. Code § 3294(c)(1)-(3) (defining "malice," "fraud," and "oppression").

Mr. Villegas has not clearly explained why he believes he may be entitled to punitive damages against the individual officers and offers no challenge to defendants' motion on this point. However, if Mr. Villegas chooses to amend his complaint, he may attempt to replead a request for punitive damages against the individual officers.

E.   **Leave to Amend**

Rule 15(a) provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v.*

19

*BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, as explained above, because it is possible that Mr. Villegas may be able to amend his federal claims, as well as some of his related state claims, to plead plausible claims for relief, the Court will permit him to amend those claims, consistent with the directions in this order.

**IV.  CONCLUSION**

For the reasons explained above, the Court grants defendants' motion to dismiss as follows:

1. Claim 1 is dismissed with leave to amend;
2. Claim 2 is dismissed with leave to amend;
3. Claim 3 is dismissed with prejudice;
4. Claim 4 is dismissed with leave to amend;
5. Claim 5 is dismissed with leave to amend as to Officer Yasin and dismissed with prejudice as to the City of Soledad;
6. Claim 6 is dismissed with leave to amend as to Officer Yasin and dismissed with prejudice as to the City of Soledad;
7. Claim 7 is dismissed with leave to amend;
8. Claim 8 is dismissed with leave to amend;
9. Claim 9 is dismissed with leave to amend.
10. In an amended complaint, Mr. Villegas may reassert a request for punitive damages against Officers Castillo and Yasin, but may not reassert a request for punitive damages against the City of Soledad.

Mr. Villegas may file his amended complaint no later than **October 4, 2024**.

**IT IS SO ORDERED.**

Dated: September 4, 2024

Virginia K. DeMarchi
United States Magistrate Judge

20