UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MARTIN GUAPO-VILLEGAS, | Case No. 24-cv-00575-VKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| CITY OF SOLEDAD, et al., | |
| Defendants. | Re: Dkt. No. 36 |

Plaintiff Martin Guapo-Villegas brings this action against defendants the City of Soledad ("City") and Officers Alejandro Castillo and Mustafa Yasin.[1] Dkt. No. 1. On September 4, 2024, the Court granted defendants' motion to dismiss the complaint but gave Mr. Villegas[2] leave to amend. Dkt. No. 33. Mr. Villegas filed an amended complaint on October 4, 2024, asserting violations of his civil rights under federal and state law. Dkt. No. 35. Defendants move to dismiss the claims once more under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and move to strike Mr. Villegas's request for punitive damages under Rule 12(f). Dkt. No. 36. Mr. Villegas opposes the motion. Dkt. No. 37. This matter is suitable for decision

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 13. The amended complaint also refers to 10 "Doe" defendants. Dkt. No. 35. As noted in the Court's prior order, these defendants are not considered for the purposes of determining whether all parties consent to magistrate judge jurisdiction. Dkt. No. 33 at 1. The Court further instructed Mr. Villegas that, upon repleading, he must identify the claims against the Doe defendants and the roles, positions, or specific acts forming the basis of these claims. *Id.* at 6. As Mr. Villegas fails to provide any such specifics in his amended complaint, the claims against these defendants are dismissed without leave to amend.

[2] This order follows the amended complaint, which refers to plaintiff as "Mr. Villegas."

1   without oral argument.  Civil L.R. 7-1(b).

2       Having reviewed the parties' papers, the Court grants in part defendants' motion to
3   dismiss.  The Court defers its decision with respect to the remaining claims pending further
4   briefing as ordered below.

5   **I.  BACKGROUND**

6       Mr. Villegas's amended complaint relies on the same core factual allegations as his
7   original complaint. Dkt. No. 35.  These allegations are described in detail in the Court's prior
8   order, and the Court will not repeat them here.  *See* Dkt. No. 33 at 2-3.

9       The amended complaint includes the following additional relevant allegations of fact:

10      Mr. Villegas alleges that before leaving the police station following his arrest on January
11  30, 2022, he informed Officers Castillo and Yasin that he was going to "sue for false arrest." Dkt.
12  No. 35 ¶ 38.

13      Mr. Villegas alleges that he was initially charged with violations of California Vehicle
14  Code §§ 23152(a) and 23152(b) for driving under the influence. *Id.* ¶ 40.  He says these charges
15  were based on false police reports filed by Officers Castillo and Yasin.  He further alleges that
16  "[a]t all times, including at the time of writing their reports and when testifying at the suppression
17  [hearing], [the officers] were aware of the precedent of Heck v. Humphrey and its progeny that
18  indicate that if Plaintiff were convicted of anything . . . this would provide immunity to suit." *Id.*
19  ¶ 50.  The charges against Mr. Villegas were ultimately dismissed by the Monterey County
20  District Attorney. *Id.* ¶¶ 2, 46.

21      The amended complaint includes both federal and state law claims.  Mr. Villegas asserts
22  the following federal claims: unlawful arrest in violation of the Fourth Amendment under 42
23  U.S.C. § 1983 against Officer Yasin (claim 5); unlawful search in violation of the Fourth
24  Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 6); seizure by wrongful process
25  (malicious prosecution) in violation of the Fourth Amendment under 42 U.S.C. § 1983 against
26  Officer Yasin (claim 7(a)); wrongful initiation of process (malicious prosecution) in violation of
27  the Fourteenth Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 7(b)); seizure by
28  wrongful process (malicious prosecution) in violation of the Fourth Amendment under 42 U.S.C.

1   § 1983 against Officer Castillo (claim 8(a)); wrongful initiation of process (malicious prosecution) in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against Officer Castillo (claim 8(b)); and *Monell* liability against the City (claim 9).

He also asserts the following state claims: false arrest under California law against Officer Castillo, Officer Yasin, and the City (claim 1); interference with the exercise or enjoyment of constitutional rights, under California Civil Code § 52.1 ("the Bane Act") against Officer Yasin and the City (claim 2); and intrusion into private affairs under California law against Officer Castillo, Officer Yasin, and the City (claim 4).

Mr. Villegas seeks compensatory damages of $150,000 as well as punitive damages against Officers Castillo and Yasin. Dkt. No. 35 at 16.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("Prager I"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking is appropriate where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Thornton v. City & Cnty. of San Francisco*, No. 21-cv-02938-SI, 2021 WL 5771135, at *3 (N.D. Cal. Dec. 6, 2021) (quoting *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992)).

### III. DISCUSSION

#### A. Federal Claims

Mr. Villegas asserts seven claims for civil rights violations under 42 U.S.C. § 1983 against Officer Castillo, Officer Yasin, or the City. To state a claim for relief under § 1983, a plaintiff must plead two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For purposes of this motion, the question is whether Mr. Villegas has adequately pled violations of a constitutional right with respect to each asserted claim.

#### 1. Claim 5: Unlawful Arrest

Mr. Villegas alleges that Officer Yasin arrested him without probable cause in violation of his Fourth Amendment right to be free from illegal search and seizure. Dkt. No. 35 at 11-12. In its prior order, the Court agreed with Mr. Villegas that Officer Yasin did not have probable cause to arrest him for driving under the influence in violation of California Vehicle Code § 23152(a). Dkt. No. 33 at 7-8. However, the Court found that Mr. Villegas failed to state a claim for

4

unlawful arrest because the facts alleged in the complaint demonstrated that Officer Yasin had probable cause to arrest Mr. Villegas for violation of California Penal Code § 647(f). *Id.* at 8-9. In his amended complaint, Mr. Villegas adds allegations characterizing his interaction with the officers, including that he "quickly responded to the officers['] presence by opening his door and stepping out when requested," "responded coherently and rationally to all questions," complied with all officer orders (other than performing field sobriety tests), and stated that he was aware that "he was likely unsafe to drive." Dkt. No. 35 ¶¶ 16-22. He argues that these allegations demonstrate "he was still able to make rational decisions relating to safety" and that Officer Yasin therefore lacked probable cause to arrest him for violation of § 647(f). Dkt. No. 37 at 4-5. Defendants argue that these additional allegations do not undermine the Court's prior determination that Officer Yasin had probable cause to arrest Mr. Villegas for violation of § 647(f). Dkt. No. 36 at 11.

      The Court agrees with defendants. As before, the facts as alleged in the amended complaint show that regardless of whether probable cause existed for an arrest based on Vehicle Code § 23152(a), Officer Yasin had probable cause to arrest Mr. Villegas for the offense of public intoxication in violation of Penal Code § 647(f). Section 647(f) requires proof of four elements: "the [individual] is (1) intoxicated (2) in a public place and either (3) is unable to exercise care for [his or her] own safety or the safety of others or (4) interferes with or obstructs or prevents the free use of any street, sidewalk, or public way." *People v. Lively*, 10 Cal. App. 4th 1364, 1368-69 (1992). Mr. Villegas was intoxicated and in a public place. *See, e.g.,* Dkt. No. 35 ¶¶ 11, 13, 16, 18, 21. Mr. Villegas contends that the additional factual allegations, noted above, show that he was attending to his own safety by keeping warm and was compliant with all of the officers' commands, apart from refusing to perform any field sobriety tests, and that the officers failed to take his interactions with them into consideration. Dkt. No. 37 at 4. However, the question is not whether Mr. Villegas might prevail were he tried for the offense of public intoxication, but whether a reasonable officer, given the totality of the circumstances, had *probable cause to arrest him* for that offense. As it is undisputed that Mr. Villegas was asleep in a vehicle, with the engine running, while intoxicated when the officers approached him, California law supports defendants'

1    arguments that probable cause existed.  *See Lively*, 10 Cal. App. 4th at 1371-73 (intoxicated
2    defendant found behind the steering wheel of a car with the motor running "was a danger to
3    himself and others"); *see also Mercer v. Dep't of Motor Vehicles*, 53 Cal. 3d 753, 757, 769 n.25
4    (facts involving person "slumped over the steering wheel of his car," engine running and legally
5    parked, could support lawful arrest for public intoxication); *People v. Kellogg*, 119 Cal. App. 4th
6    593, 603 (2004) ("serious possibility of danger" where defendant found "sitting in bushes on a
7    freeway embankment in an inebriated state")

8        Mr. Villegas does not explain why the additional allegations regarding details of his
9    interactions with the officers, including his refusal to perform any field sobriety tests, require a
10   different result.  Even assuming he was less intoxicated and his motor skills were less impaired
11   than the defendant in *Lively*, *see* Dkt. No. 37 at 4, 5-6, probable cause to arrest exists when a
12   reasonable officer in the position of Officer Yasin could have determined there was a *fair*
13   *probability* of a violation of § 647(f).  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012).
14   At the time of Mr. Villegas's arrest, Officer Yasin observed that Mr. Villegas appeared to be
15   intoxicated and was behind the wheel of a vehicle with its engine running.  These observations,
16   coupled with Mr. Villegas's admission that he was too drunk to drive, clearly support a finding of
17   probable cause to conclude Mr. Villegas was unable to exercise due care for others' safety, if not
18   his own, and was in violation of § 647(f).  Thus, Mr. Villegas fails to plausibly allege that he was
19   unlawfully arrested.

20       As the Court has already given Mr. Villegas an opportunity to amend this claim, the Court
21   determines any further amendment would be futile.  Claim 5 is dismissed without leave to amend.

22       **2.   Claim 6:  Unlawful Search**

23       In claim 6, Mr. Villegas again alleges that Officer Yasin conducted an unlawful search, in
24   violation of the Fourth Amendment when he coerced Mr. Villegas to consent to a breath test by
25   threatening to report his refusal to submit to the test to the DMV.  Dkt. No. 35 at 12.  He appears
26   to allege no new facts in support of this claim.

27       In its prior order, the Court concluded that "the viability of claim 6 depends on whether
28   Mr. Villegas can state a claim that he was arrested without probable cause in violation of the

Fourth Amendment." Dkt. No. 33 at 10. In opposing defendants' motion to dismiss this claim, Mr. Villegas argues that if there was only probable cause to arrest for a violation of Penal Code § 647(f), but not for a violation of Vehicle Code § 23152(a), the breath test was an unlawful search. Dkt. No. 37 at 7 (citing *Birchfield v. North Dakota*, 579 U.S. 438 (2016)). Defendants argue that a breath test is a lawful search incident to arrest for violations of both § 23152(a) and § 647(f). Dkt. No. 38 at 6-7 (citing *Lively*, 10 Cal. App. 4th at 1373).

Mr. Villegas's arguments are unpersuasive. The question is whether requiring Mr. Villegas to submit to a breath test, where there was probable cause to arrest him for a violation of § 647(f), implicates the Fourth Amendment. While Mr. Villegas is correct that the Supreme Court in *Birchfield* addressed warrantless breath tests in the context of a DUI arrest, the rationale in *Birchfield* was not limited to arrests for that offense. Rather, *Birchfield* distinguished between breath tests and blood tests which are "significantly more intrusive." *Birchfield*, 579 U.S. at 474. In its prior order, the Court reasoned:

> The Supreme Court has expressly recognized that "breath tests do not implicate significant privacy concerns," especially in the context of a lawful arrest for drunk driving.[ ] . . . However, this exception to the Fourth Amendment's prohibition against warrantless searches applies only if the arrest itself is lawful. . . . *Birchfield* suggests that, if conducted incident to a lawful arrest for a DUI or public intoxication or other similar crime, a breath test for alcohol intoxication is minimally invasive, reasonable, and does not give rise to a constitutional violation.

Dkt. No. 33 at 10. To the extent Mr. Villegas asks the Court to reconsider its legal conclusion on this point, the Court finds no justification for doing so. Because there was probable cause to arrest Mr. Villegas for a violation of § 647(f), requiring him to submit to a breath test for alcohol intoxication does not implicate Mr. Villegas's constitutional right to be free from unlawful searches under the Fourth Amendment.

As the Court has already given Mr. Villegas an opportunity to amend this claim, the Court determines any further amendment would be futile. Claim 6 is therefore dismissed without leave to amend.

7

### 3.     Claim 9: *Monell* Claim Against the City

In his amended complaint, Mr. Villegas reasserts his *Monell* claim against the City, asserting again that the City failed to properly train its officers. In addition, Mr. Villegas appears to assert a new theory, namely, that the City ratified the unlawful conduct of Officers Castillo and Yasin. *See* Dkt. No. 35 at 14-15. The amended complaint includes no additional factual allegations in support of this claim, under either theory, and fails to correct the deficiencies identified in the Court's prior order. *See* Dkt. No. 33 at 11-13.

To state a claim for municipal liability under § 1983 for a violation of constitutional rights, Mr. Villegas must plausibly allege that: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy, practice, or custom; (3) this policy, practice, or custom amounts to deliberate indifference to his constitutional rights; and (4) the policy, practice, or custom is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citations and quotations omitted). Mr. Villegas may state a claim for municipal liability by plausibly alleging that the City "demonstrated deliberate indifference to constitutional rights when it trained its employees," *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024) ("failure to train") or that "authorized policymakers approve[d] a subordinate's decision and the basis for it," *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) ("ratification").

In alleging that the City failed to train its officers on the required elements for a violation of Vehicle Code § 23152(a), Mr. Villegas continues to rely on his single interaction with Officers Castillo and Yasin. Dkt. No. 35 at 14. As before, he repeats his allegation that the officers called an unidentified individual at the police station to inquire about the "propriety of the arrest" and that "someone" confirmed the officers' "wrongful understanding." *Id.* at 15.

As the Court found in its prior order, these few allegations do not support a plausible claim that the City engaged in a practice resulting in a deprivation of constitutional rights due to failure to adequately train its officers. Dkt. No. 33 at 12 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989)); *see also Perez v. City of Fresno*, 98 F.4th 919, 932 (9th Cir. 2024) ("The possible inadequate training of two FPD officers about the risks of restraint asphyxia is insufficient to support a *Monell* claim."); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154

1  (9th Cir. 2021) ("[G]enerally, a single instance of unlawful conduct is insufficient to state a claim
2  for municipal liability under section 1983."). Similarly, these allegations are insufficient to
3  support a plausible *Monell* claim based on alleged ratification by the City of the officers' conduct.
4  Nothing in the amended complaint identifies the policymaker at issue (either by name or position),
5  describes that person's knowledge of the circumstances, or describes whether and how that person
6  approved of the arrest. *Maya v. Cnty. of San Bernardino*, No. EDCV 19-1871 JGB (KKX), 2023
7  WL 4383344, at *48 (C.D. Cal. June 1, 2023), *appeal dismissed*, No. 23-55588, 2024 WL
8  3311138 (9th Cir. Jan. 22, 2024) (No ratification where "Plaintiff fails to identify who th[e]
9  policymaker is, let alone whether that individual had knowledge of the constitutional violation,
10 and how she may have approved it").
11     As the Court has already given Mr. Villegas an opportunity to amend this claim, the Court
12 determines any further amendment would be futile. Claim 9 is therefore dismissed without leave
13 to amend.

### 4.     Claims 7 and 8:   Malicious Prosecution

15     In his amended complaint, Mr. Villegas reasserts claims of malicious prosecution against
16 defendants, alleging that Officers Castillo and Yasin falsified their reports, causing Mr. Villegas to
17 be prosecuted for violations of Vehicle Code §§ 23152(a) and 23152(b). Dkt. No. 35 at 12-14.
18 Mr. Villegas now asserts two constitutional bases for these claims: violations of the protections of
19 the Fourth Amendment (claims 7(a) and 8(a)) and the Fourteenth Amendment (claims 7(b) and
20 8(b)).

#### a.     Fourth Amendment

22     In its prior order, the Court found that Mr. Villegas failed to adequately allege a seizure
23 under the Fourth Amendment as a result of the officers' alleged conduct. Dkt. No. 33 at 11. Mr.
24 Villegas appears to assert in his amended complaint that the requirement that he attend court in
25 connection with the criminal prosecution against him constituted an unreasonable seizure under
26 the Fourth Amendment. Dkt. No. 35 at 13-14. However, a requirement to attend court, standing
27 alone, is generally insufficient to establish a Fourth Amendment seizure. *Karam v. City of*
28 *Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003). Mr. Villegas fails to plead any additional facts that

1    might remedy the defects that the Court found with respect to this claim.  Claims 7(a) and 8(a) are
2    thus dismissed without leave to amend.

### b.    Fourteenth Amendment

For the first time in his amended complaint, Mr. Villegas alleges that the officers' submission of allegedly false police reports interfered with his right to "have an independent prosecutor use independent judgment in deciding whether or not to file charges" in violation of the Fourteenth Amendment.  Dkt. No. 35 at 13.  Mr. Villegas alleges that Officer Yasin "wrote a report that wrongly stated" that one of the individuals at the house where the party took place "indicated personal knowledge that Plaintiff had been dropped off and/or driven home by a female in a Honda."  *Id.* at 12.  Mr. Villegas alleges that Officer Castillo authored a false report in which he stated that he obtained surveillance footage showing Mr. Villegas's truck had not been present earlier in the morning of January 30th.  *Id.* ¶ 39.  Mr. Villegas asserts that these false statements misled the prosecutor and caused the prosecutor to file charges against him for driving under the influence.  *Id.* at 13-14.

The Court construes these allegations as an attempt to assert a violation of Mr. Villegas's rights under the Fourteenth Amendment's due process clause, and not its equal protection clause. Defendants argue that Mr. Villegas's allegations are insufficient to overcome the presumption that prosecutors exercise their own independent judgment in deciding to file charges and that he has not demonstrated the officers had an intent to violate a "specific constitutional right."  Dkt. No. 36 at 14, 15-16.

A threshold question exists as to whether Mr. Villegas may properly assert a § 1983 malicious prosecution claim under the due process clause of the Fourteenth Amendment. According to the Ninth Circuit, "no *substantive due process* right exists under the Fourteenth Amendment to be free from prosecution without probable cause."  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (citing plurality and concurring opinions in *Albright v. Oliver*, 510 U.S. 266 (1994)) (emphasis added).  Indeed, the plurality opinion in *Albright* has been interpreted to suggest that such a claim properly arises under the Fourth Amendment.  *Albright*, 510 U.S. at 274; *see also Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 366 (2017) ("This Court

rejected [substantive due process], with five Justices in two opinions remitting *Albright* to the Fourth Amendment."); *Thompson v. Clark*, 596 U.S. 36, 43 (2022) ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause. And the wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution."); *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024) (recognizing a Fourth Amendment malicious prosecution claim is properly analogized to the common-law tort of malicious prosecution); *but see Thompson*, 596 U.S. at 50 (Alito, J., dissenting) (In recognizing a Fourth Amendment malicious prosecution claim, the majority has recognized "a novel hybrid claim of uncertain scope that has no basis in the Constitution and is almost certain to lead to confusion.").³

However, it is unclear whether a malicious prosecution claim may be based on a violation of *procedural due process* under the Fourteenth Amendment.⁴ The Ninth Circuit does not interpret Supreme Court precedent to *limit* malicious prosecution claims to the Fourth Amendment, but the Circuit has not affirmatively addressed whether a malicious prosecution claim properly can be based on a Fourteenth Amendment procedural due process violation. *See*

---

³ The majority in *Thompson* observed in a footnote that "[i]t has been argued that the Due Process Clause could be an appropriate analytical home for a malicious prosecution claim under § 1983." 596 U.S. at 43 n.2; *see also Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 871 (6th Cir. 2024) (suggesting that this dictum in *Thompson* "leaves open the possibility that such a right exists.").

⁴ A recent dissent by Justice Gorsuch suggests that a malicious prosecution claim based on procedural due process could be proper under § 1983. *See Chiaverini*, 602 U.S. at 570 (Gorsuch, J., dissenting) (A claim for malicious prosecution "would be more properly housed in the Fourteenth Amendment" which guarantees due process of law including "those customary procedures to which freemen were entitled by the old law of England."); *see also Albright*, 510 U.S. at 282 (Kennedy, J., concurring) ("[T]he due process requirements for criminal proceedings do not include a standard for the initiation of a criminal prosecution . . . . That may not be the end of the due process inquiry, however."). However, Justice Gorsuch also acknowledged that such a claim might be limited as many states provide causes of action for malicious prosecution and "when a State provides exactly the tort claim the plaintiff seeks, it provides him with all the process he is due." *Chiaverini*, 602 U.S. at 570 (Gorsuch, J., dissenting); *see also Albright*, 510 U.S. at 282 (Kennedy, J., concurring) ("[I]f a State did not provide a tort remedy for malicious prosecution, there would be force to the argument that the malicious initiation of a baseless criminal prosecution infringes an interest protected by the Due Process Clause and enforceable under § 1983.").

11

*Awabdy*, 368 F.3d at 1069; *but see Taylor v. City of Oakland*, No. C 06-05169 WHA, 2007 WL 2669914, at *7 (N.D. Cal. Sept. 7, 2007) (holding that a malicious prosecution claim under the Fourteenth Amendment is rooted in *equal protection*, noting that "[t]o prevail on a malicious prosecution claim, a plaintiff must prove that members of an identifiable class were singled out for enforcement of the law while nonmembers of the class were not prosecuted.") (emphasis added).

The amended complaint does not clearly state whether Mr. Villegas's claims for malicious prosecution for violations of the Fourteenth Amendment are based on a theory of substantive due process or procedural due process. Moreover, in briefing defendants' motion to dismiss these claims, the parties do not address the question of whether such a claim for relief is even cognizable under § 1983.[5] If Mr. Villegas's wishes to proceed with his claims for malicious prosecution based on violations of the Fourteenth Amendment (claims 7(b) and 8(b)), the Court requires supplemental submissions from the parties as follows:

1. By **January 27, 2025**, plaintiff must file a supplemental memorandum clarifying the legal basis for his Fourteenth Amendment due process claims—specifically, procedural due process or substantive due process. In addition, plaintiff must brief whether his Fourteenth Amendment malicious prosecution claims are cognizable under current Supreme Court and Ninth Circuit precedent; the elements of such a claim; and how the allegations in the amended complaint support or do not support such a claim. This supplemental submission must not exceed five pages. If Mr. Villegas does not wish to proceed with his malicious prosecution claims based on violations of the Fourteenth Amendment, he must file a statement by January 27, 2025 so advising the Court.

2. By **February 10, 2025**, defendants must file a responsive supplemental memorandum

---

[5] Defendants' reliance on the presumption that prosecutors exercise independent judgment in deciding to file charges is misplaced, particularly where the amended complaint includes allegations that both officers included false information about material facts (e.g., whether Mr. Villegas's vehicle moved during early morning hours preceding his arrest) in their reports and that the prosecutor relied on that information. *See Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) *abrogated on other grounds by AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) ("[T]he presumption of independent prosecutorial judgment in the charging decision is an evidentiary presumption applicable at the summary judgment stage to direct the order of proof; it is not a pleading requirement to be applied to a motion to dismiss, before discovery has taken place.").

regarding whether plaintiff's Fourteenth Amendment malicious prosecution claims are cognizable under current Supreme Court and Ninth Circuit precedent; the elements of such a claim; and how the allegations in the amended complaint support or do not support such a claim. This supplemental submission must not exceed five pages.

\*\*\*

As it is not clear whether Mr. Villegas has pled a claim for relief under federal law in his amended complaint, the Court defers consideration of defendants' motion to dismiss the remaining state claims and defendants' motion to strike the request for punitive damages until after further briefing on the Fourteenth Amendment malicious prosecution claims.

## IV.     CONCLUSION

For the reasons discussed above, the Court grants in part defendants' motion to dismiss without leave to amend as to claims 5, 6, 7(a), 8(a), and 9, and defers decision with respect to the remaining claims until after the parties file their supplemental submissions regarding claims 7(b) and 8(b).

**IT IS SO ORDERED.**

Dated: January 13, 2025

Virginia K. DeMarchi
United States Magistrate Judge

13