UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARTIN GUAPO-VILLEGAS,

Plaintiff,

v.

CITY OF SOLEDAD, et al.,

Defendants.

Case No. 24-cv-00575-VKD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH LIMITED LEAVE TO AMEND**

Re: Dkt. No. 36

Plaintiff Martin Guapo-Villegas brings this action against defendants the City of Soledad ("City") and Officers Alejandro Castillo and Mustafa Yasin.[1] Dkt. No. 1. On September 4, 2024, the Court granted defendants' motion to dismiss the complaint but gave Mr. Villegas[2] leave to amend. Dkt. No. 33. Mr. Villegas filed an amended complaint on October 4, 2024, reasserting violations of his civil rights under federal and state law. Dkt. No. 35. Defendants moved to dismiss the claims once more under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and moved to strike Mr. Villegas's request for punitive damages under Rule 12(f). Dkt. No. 36. Mr. Villegas opposed the motion. Dkt. No. 37. The Court found the matter suitable for decision without oral argument. Civil L.R. 7-1(b). On January 13, 2025, the Court dismissed the majority of Mr. Villegas's federal claims without leave to amend but deferred ruling on his federal claims of "wrongful initiation of process" pending further briefing. Dkt. No. 42. Pursuant to this order, both parties filed supplemental briefs. Dkt. Nos. 43, 44.

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 13.

[2] This order follows the amended complaint, which refers to plaintiff as "Mr. Villegas."

1    Having reviewed the parties' supplemental briefs, the Court grants defendants' motion to dismiss, denies defendants' motion to strike without prejudice, and grants plaintiff limited leave to amend.

## I.  BACKGROUND

The allegations underlying the claims in this matter are described in detail in the Court's prior orders, and the Court will not repeat them here. Dkt. No. 33 at 2-3; Dkt. No. 42 at 2. In his amended complaint filed on October 4, 2024, Mr. Villegas asserted the following federal claims: unlawful arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 5); unlawful search in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 6); seizure by wrongful process in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 7(a)); wrongful initiation of process in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against Officer Yasin (claim 7(b)); seizure by wrongful process in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Castillo (claim 8(a)); wrongful initiation of process in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against Officer Castillo (claim 8(b)); and *Monell* liability against the City for unlawful arrest (claim 9). He also asserted the following state claims: false arrest under California law against Officer Castillo, Officer Yasin, and the City (claim 1); interference with the exercise or enjoyment of constitutional rights, under California Civil Code § 52.1 ("the Bane Act") against Officer Yasin and the City (claim 2); and intrusion into private affairs under California law against Officer Castillo, Officer Yasin, and the City (claim 4).

In its January 13, 2025 order, the Court dismissed claims 5, 6, 7(a), 8(a), and 9 without leave to amend. Dkt. No. 42. The Court ordered supplemental briefing on claims 7(b) and 8(b), and deferred ruling on defendants' motion to dismiss the state claims pending a determination that a federal claim remained in the case. *Id.* The Court also deferred consideration of defendants' motion to strike Mr. Villegas's request for punitive damages against the individual officer defendants pursuant to Federal Rule of Civil Procedure 12(f). *Id.*

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking is appropriate where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Thornton v. City & Cnty. of San Francisco*, No. 21-cv-02938-SI, 2021 WL 5771135, at *3 (N.D. Cal. Dec. 6, 2021) (quoting *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820,

1   830 (N.D. Cal. 1992)).

## III. DISCUSSION

### A. Federal Claims

In support of his two remaining federal claims under 42 U.S.C. § 1983—claims 7(b) and 8(b)—Mr. Villegas alleges that Officers Castillo and Yasin included false information in their police reports and that, as a result, prosecutors wrongfully filed criminal charges against him for violations of California Vehicle Code § 23152(a)-(b). Dkt. No. 35 at 12-14. In his prior briefing, Mr. Villegas characterized claims 7(b) and 8(b) as claims for "malicious prosecution," while asserting that the officers violated his Fourteenth Amendment rights. *See* Dkt. No. 37 at 8 ("Plaintiff properly alleges malicious prosecution . . . ."). The Court construed these claims accordingly, and considered whether Mr. Villegas had stated claims for malicious prosecution based on a violation of his Fourteenth Amendment rights.

In its January 13, 2025 order, the Court directed the parties to brief two questions regarding claims 7(b) and 8(b): (1) whether plaintiff is seeking vindication of a procedural or substantive due process right under the Fourteenth Amendment; and (2) "whether plaintiff's Fourteenth Amendment malicious prosecution claims are cognizable under current Supreme Court and Ninth Circuit precedent; the elements of such a claim; and how the allegations in the amended complaint support or do not support such a claim." Dkt. No. 42 at 12.

#### 1. Substantive or Procedural Due Process?

In his supplemental brief, Mr. Villegas asserts that claims 7(b) and 8(b) are based on a *procedural due process* right "to not have police submit false reports and fabrications of evidence so that . . . a prosecutor [may] use independent discretion on whether or not to bring charges." Dkt. No. 43 at 1. In *Devereaux v. Abbey*, the Ninth Circuit recognized a "constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." 263 F.3d 1070, 1074-75 (9th Cir. 2001). The right described in *Devereaux* is similar to the right Mr. Villegas says he is attempting to vindicate here—i.e., "the right against deliberate fabrication." Dkt. No. 43 at 2. However, the Ninth Circuit recognizes the right articulated in *Devereaux* as "grounded in *substantive due process*," rather than

4

procedural due process. *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1228 (9th Cir. 2021) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068-69 (9th Cir. 2012) and *Gantt v. City of Los Angeles*, 717 F.3d 702, 708 (9th Cir. 2013)) (emphasis added). Mr. Villegas neither cites nor addresses this authority.

As defendants observe in their supplemental brief, Mr. Villegas cites no authority to support any claim for malicious prosecution based on a Fourteenth Amendment right to procedural due process. *See* Dkt. No. 44 at 1-3.

### 2. Does Mr. Villegas State a Cognizable Fourteenth Amendment Claim?

In his supplemental brief, Mr. Villegas argues that to state a claim for a violation of "the right against deliberate fabrication," he must show that: "a state official (1) either misrepresented or omitted the truth; (2) either deliberately or with reckless disregard for the truth; (3) on a matter that was material to the prosecutorial decision." Dkt. No. 43 at 2 (citing to *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) and an unpublished Ninth Circuit decision, *Kando v. City of Long Beach*, No. 21-56199, 2023 WL 3092304, at *2 (9th Cir. Apr. 26, 2023)). In response, defendants argue generally that to show a violation of procedural due process, Mr. Villegas must establish "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Dkt. No. 44 at 1 (quoting *U.S. v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022)). They contend that Mr. Villegas has not plausibly alleged the existence of a procedural due process violation based on malicious prosecution.[3]

The Court agrees with defendants that Mr. Villegas has not stated a claim for "malicious prosecution" based on a violation of the procedural due process protections of the Fourteenth Amendment. However, the Court cannot say that Mr. Villegas has not stated any claim *at all*

---

[3] Defendants also cite to Justice Gorsuch's dissent in *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556 (2024) for the proposition that due process malicious prosecution claims may be limited by the fact that "when a State provides exactly the tort claim the plaintiff seeks, it provides him with all the process he is due." Dkt. No. 44 at 2 (quoting *Chiaverini*, 602 U.S. at 570). Observing that California state law provides a remedy for malicious prosecution, defendants contend that Mr. Villegas should not be permitted to assert the same claims as federal law violations. *Id.* However, as defendants themselves argued previously, malicious prosecution claims against state officials are barred by California Gov. Code § 821.6, and so state law provides no remedy here. *See* Dkt. No. 16 at 9-10.

based on a violation of his Fourteenth Amendment due process rights. On the one hand, it appears that Mr. Villegas is attempting to assert a Fourteenth Amendment *substantive* due process claim, in view of his reliance on *Spencer* and repeated references to "fabrication of evidence." Dkt. No. 43 at 2. On the other hand, Mr. Villegas also refers to the elements of a different claim for relief known as "judicial deception.," which he characterizes as a *procedural* due process claim. *See id.* ("The Ninth Circuit on the other hand has considered the question of procedural due process in the form of what they cognize as 'judicial deception'."). The elements of a claim for "judicial deception" are: "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021).

In short, even after one opportunity to amend his pleading and another for supplemental briefing, Mr. Villegas has not clearly explained the factual and *legal* bases for claims 7(b) and 8(b). In these circumstances, the amended complaint does not comply in the first instance with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." As currently pled, claims 7(b) and 8(b) do not state any claim on which relief may be granted and are dismissed on that basis. As explained below, the Court will give Mr. Villegas one more opportunity to amend these claims.

### B. State Claims

Mr. Villegas asserts three claims under California law in his amended complaint: false arrest, intrusion into private affairs, and violation of the Bane Act, California Civil Code § 52.1. In its prior order dismissing the original complaint, the Court determined that Mr. Villegas failed to state a claim on any of these three bases but granted him leave to amend. Dkt. No. 33 at 14-18, 20. The Court deferred consideration of these amended claims in its January 13, 2025 order on defendants' motion to dismiss the amended complaint. Dkt. No. 42. As the Court has determined that Mr. Villegas should have the opportunity to amend his remaining federal claims, the Court now considers the sufficiency of the remaining state law claims.

#### 1. Claim 1: False Arrest

In his amended complaint, Mr. Villegas once again alleges that Officer Yasin falsely

arrested him under California law and that Officer Castillo aided and abetted this unlawful arrest. Dkt. No. 35 at 8-9. He asserts that the City is vicariously liable for the officers' conduct. *Id.* In its order on defendants' original motion to dismiss, the Court found that the state law false arrest claim failed for the same reasons his federal law unlawful arrest claim also failed: the facts alleged by Mr. Villegas support the existence of probable cause for the arrest on the face of the complaint. Dkt. No. 33 at 14-15.

In its January 13, 2025 order, the Court determined that the amended complaint did not cure these deficiencies and dismissed Mr. Villegas's federal unlawful arrest claim without leave to amend. Dkt. No. 42 at 4-6. With respect to his federal unlawful arrest claim, the Court observed:

> Mr. Villegas does not explain why the additional allegations regarding details of his interactions with the officers, including his refusal to perform any field sobriety tests, require a different result. Even assuming he was less intoxicated and his motor skills were less impaired than the defendant in *Lively*, *see* Dkt. No. 37 at 4, 5-6, probable cause to arrest exists when a reasonable officer in the position of Officer Yasin could have determined there was a fair probability of a violation of § 647(f). *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). At the time of Mr. Villegas's arrest, Officer Yasin observed that Mr. Villegas appeared to be intoxicated and was behind the wheel of a vehicle with its engine running. These observations, coupled with Mr. Villegas's admission that he was too drunk to drive, clearly support a finding of probable cause to conclude Mr. Villegas was unable to exercise due care for others' safety, if not his own, and was in violation of § 647(f). Thus, Mr. Villegas fails to plausibly allege that he was unlawfully arrested.

*Id.* at 6.

Mr. Villegas contends that under California state law, the elements of false arrest are simply: (1) Mr. Villegas was arrested without a warrant, (2) Mr. Villegas suffered harm, and (3) defendants' conduct was a substantial factor in causing that harm. Dkt. No. 35 at 8 (citing California Civil Jury Instructions (CACI) 1401). In California, it is true that "[i]n a civil action for false arrest, once a plaintiff establishes an arrest without a warrant, followed by imprisonment and damages, the burden shifts to the defendant to show a justification for the arrest." *Levin v. United Air Lines, Inc.*, 158 Cal. App. 4th 1002, 1018 (2008), *as modified* (Jan. 14, 2008); *see also* CACI 1402 (probable cause as an affirmative defense). And while generally affirmative defenses are not

7

1   appropriate for consideration at the motion to dismiss stage, such defenses are appropriately raised
2   when "obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 902
3   (9th Cir. 2013).  Here, there is no factual dispute as to the circumstances known to the officers at
4   the time of the arrest: the officers found Mr. Villegas asleep in his car with the engine running and,
5   upon awakening, Mr. Villegas showed signs of intoxication and acknowledged being too drunk to
6   drive.  *See Levin,* 158 Cal. App. 4th at 1018 ("If the facts that gave rise to the arrest are
7   undisputed, the issue of probable cause is a question of law for the trial court.").  The
8   circumstances demonstrating probable cause are thus apparent from the face of the amended
9   complaint and may be considered by the Court in resolving defendants' motion to dismiss.
10         The Court concludes that Mr. Villegas has not cured the deficiencies in his claim of false
11   arrest under California law.  As Mr. Villegas has already been afforded an opportunity to amend
12   this claim, the Court determines that further amendment would be futile.  Claim 1 is therefore
13   dismissed with prejudice.

### 2. Claim 2: Bane Act

15   In his amended complaint, Mr. Villegas again asserts that the officers[4] interfered with his
16   right to be free from unreasonable search and seizure under the Fourth Amendment by falsely
17   arresting him and compelling him to submit to a breath test by threatening "long term revocation
18   of his license."  Dkt. No. 35 at 9-10.  He asserts that such interference is prohibited by California
19   Civil Code § 52.1, the Bane Act.  *Id.*
20         As discussed *supra*, Mr. Villegas fails to state a claim for false arrest; therefore, to the
21   extent his Bane Act claim is premised on an alleged false arrest, this claim fails.  *See* Dkt. No. 33
22   at 16.  Regarding the allegations of an unlawful search, as the Court previously found, requiring a
23   suspect to submit to a breath test as a search incident to a lawful arrest in the circumstances
24   presented here does not violate the Fourth Amendment, in view of the Supreme Court's decision
25   in *Birchfield v. North Dakota*, 579 U.S. 438 (2016).  *Id.*; *see also People v. Macabeo*, 1 Cal. 5th

---

[4] Claim 2 names Officer Yasin and the City but Officer Castillo is also included in the allegations. Dkt. No. 35 at 9-10.

1206, 1218 (Cal. 2016) ("If an actual arrest takes place, a search incident to that arrest is allowed if it is supported by federal Fourth Amendment jurisprudence, more restrictive state law notwithstanding."). Because Mr. Villegas has not pled a cognizable violation of his Fourth Amendment rights, any Bane Act claim premised on such a violation fails.

Mr. Villegas has already been afforded an opportunity to amend this claim, and the Court determines that further amendment would be futile. Claim 2 is therefore dismissed with prejudice.

### 3. Claim 4: Invasion of Privacy

In his amended complaint, Mr. Villegas once again alleges that Officers Castillo and Yasin intruded on his "reasonable expectation of privacy in his blood alcohol level" when they "intentionally arrested [Mr. Villegas] without probable cause for the purpose of using California's implied consent statute to obtain access [to that information]." Dkt. No. 35 at 11.[5] Mr. Villegas does not offer any argument in support of this claim in his opposition to defendants' motion to dismiss. *See generally* Dkt. No. 37. As the Court previously concluded, "the California Constitution does not appear to supply a basis for an independent claim for 'invasion of privacy'," i.e. it does not provide for protections beyond what is protected by the Fourth Amendment in the search and seizure context. Dkt. No. 33 at 18 (citing *In re York*, 9 Cal. 4th 1133, 1149 (1995)). Because Mr. Villegas has failed to state a claim for false arrest and unlawful search, Mr. Villegas similarly has failed to state a claim that the breath test administered by the officers was in violation of his privacy rights.

As Mr. Villegas has already been given leave to amend, the Court concludes that further amendment would be futile. Claim 4 is dismissed with prejudice.

### C. Punitive Damages

In his amended complaint, Mr. Villegas seeks an award of punitive damages against Officers Castillo and Yasin. Dkt. No. 35 at 15-16. Defendants argue that Mr. Villegas's amended complaint fails to state facts showing oppression, fraud, or malice, and seeks an order striking his request for punitive damages on this basis. Dkt. No. 36 at 25.

---

[5] Mr. Villegas further claims that the City is vicariously liable by application of California Government Code § 815.2 if defendants are liable.

9

Punitive damages are available for claims asserted under 42 U.S.C. § 1983 where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Under California law, punitive damages may be available under California Civil Code § 3294 where "there is clear and convincing evidence that the defendant was guilty of oppression, fraud, or malice." *Murphy v. Boehm*, No. C 13-02406 WHA, 2013 WL 6087010, at *3 (N.D. Cal. Nov. 19, 2013); *see* Cal. Civ. Code § 3294(c)(1)-(3) (defining "malice," "fraud," and "oppression").

Here, Mr. Villegas alleges that both Officer Castillo and Officer Yasin engaged in acts of fraud or deception with respect to claims 7(b) and 8(b). While the Court grants defendants' motion to dismiss these claims, Mr. Villegas will be permitted to amend them. If Mr. Villegas can assert viable claims for relief based on the existing factual allegations, he may also be able to assert a basis for punitive damages. The Court declines to strike the request for punitive damages at this time. Mr. Villegas may amend and reassert this request if he chooses to assert claims 7(b) and 8(b) in a second amended complaint.

### D.  Leave to Amend

Rule 15(a) provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because it is possible that Mr. Villegas may be able to amend his claims 7(b) and 8(b) to plead plausible claims for relief, the Court will permit him to amend those claims, and only those claims. If Mr. Villegas chooses to amend claims 7(b) and 8(b), he must clearly state both the

factual allegations that support the claims and the legal theory on which he relies.[6] Neither the Court nor defendants should have to speculate about what Mr. Villegas's claims are.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part defendants' motion to dismiss and motion to strike as follows:

1. Claims 7(b) and 8(b) are dismissed with leave to amend.
2. Claims 1, 2, and 4 are dismissed with prejudice.
3. The Court denies defendants' motion to strike Mr. Villegas's request for punitive damages, without prejudice.

If Mr. Villegas chooses to amend claim 7(b) or claim 8(b), he must file a second amended complaint no later than **May 9, 2025.**

**IT IS SO ORDERED.**

Dated: April 18, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[6] A further amended complaint may *not* include legal argument.

11